[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14929
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2010
JOHN LEY
CLERK

Agency No. A029-914-860

BAUDILIO ROBELIO DE LEON-REYES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 14, 2010)

Before BARKETT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Baudilio Robelio De Leon-Reyes, a native and citizen of Guatemala,

petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture ("CAT"). INA §§ 208 & 241, 8 U.S.C. §§ 1158 & 1231; 8 C.F.R. § 208.16(c). On appeal, De Leon-Reyes argues that the BIA abused its discretion in upholding the IJ's adverse credibility determination because the government did not submit any evidence that contradicted his testimony, and his application was not inconsistent with his testimony. De Leon-Reyes maintains that the IJ's adverse credibility determination was based solely on the fact that peace accords had been signed in Guatemala, and the IJ did not provide any other reason for discrediting his testimony. Similarly, De Leon-Reyes contests the denial of his claims for asylum and withholding of removal based on a well-founded fear of persecution.[1] Upon review of the record and the parties' briefs, we deny the petition.

We review the BIA's decision as the final judgment, unless the BIA has expressly adopted the IJ's decision. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007) (citation omitted). Here, the BIA issued its own opinion, affirming the IJ's

---

[1] Because substantial evidence supports the BIA's adverse credibility determination, we need not address De Leon-Reyes's eligibility for asylum and withholding of removal. *See Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006) (per curiam) (stating that "an adverse credibility determination alone may be sufficient to support the denial of an asylum application") (citation and quotation omitted).

2

decision, and therefore, we review the BIA's decision in light of the record. Factual determinations are reviewed under the "highly deferential"substantial evidence test, and we must affirm a "decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (citations omitted). Therefore, a fact determination will be reversed only when the record compels, instead of merely supports, a reversal. *Alim v. Gonzales*, 446 F.3d 1239, 1254 (11th Cir. 2006). Credibility determinations, like other factual findings, are reviewed under the substantial evidence test. *Forgue*, 401 F.3d at 1286 (citation omitted). Issues not raised on appeal are deemed abandoned. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam). De Leon-Reyes does not raise any argument on appeal regarding his claim for CAT relief; thus, he has abandoned it.

An alien may obtain asylum if he is a "refugee," that is, he is unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A). The applicant satisfies this burden by showing, "with specific and credible evidence . . . (1) past persecution on account of a statutorily listed factor, or (2) a 'well-founded fear' that the statutorily listed factor will cause future persecution." *Ruiz*, 440 F.3d at

3

1257 (citation omitted). A showing of past persecution creates a presumption of a well-founded fear of persecution subject to rebuttal by the government. *Id.* (citation omitted). Alternatively, "the petitioner must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable." *Id.* (citation omitted). The subjective component can be established "by the applicant's credible testimony that he or she genuinely fears persecution," while the objective component "can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1289 (11th Cir. 2001) (citation and quotation omitted).

The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. *Forgue*, 401 F.3d at 1287. The credible testimony of an applicant may suffice on its own to establish eligibility for asylum even without corroborating evidence. *Id.* (citation omitted). "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." *Id.* (citation omitted). For there to be an adverse credibility determination, the IJ must have made an explicit, clean determination of credibility. *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) (citation omitted). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by

specific, cogent reasons or was not based on substantial evidence." *Forgue*, 401 F.3d at 1287 (internal quotation marks omitted). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." *Ruiz*, 440 F.3d at 1255.

Regarding the BIA's adverse credibility determination, there were significant inconsistencies between De Leon-Reyes's asylum application and his testimony at the removal hearing, and these inconsistencies involved crucial aspects of his claim. Namely, De Leon-Reyes stated in his written application that the guerillas captured him in order to recruit him into their organization and that he was not a member of any political group. However, at the hearing before the IJ, he testified that he was abducted by the guerillas due to his political opinions and alleged mayoral candidacy. Even his testimony alone about the guerillas' motivation for abducting people was inconsistent at the hearing. He stated that the guerillas set up a road block and stopped random drivers, but later he claimed that guerillas kidnaped the people on account of their political opinions. Furthermore, De Leon-Reyes did not provide any corroborating evidence in support of his claims or his allegation that his brother was attacked in 2005 due to De Leon-Reyes's political activities sixteen years earlier. Accordingly, substantial evidence supports the adverse credibility determination, and we deny his petition.

**PETITION DENIED.**